Weygandt, C. J.
On November 18, 1917, Abram L. Sherick died testate. Under his will the sole legatees and devisees were Elsie C. Sherick, his second wife, and Charles T. and Clyde C. Sherick, sons of his first marriage. The two sons were his only lineal descendants, heirs at law and next of kin. The one son, Charles T. Sherick, died December 31, 1947, intestate and without heirs or next of kin except his only brother Clyde C.
In his will Abram L. Sherick devised certain realty to his second wife, Elsie Sherick, “to be hers absolutely and forever.” This identical realty was retained by her until her death’ approximately 38 years later. She did not remarry and she left no will. Hence, the identical realty descended to Clyde C. Sherick under the amended provisions of Section 2105.10, Be-vised Code, the so-called half-and-half statute, which now reads in part as follows:
“When a relict of a deceased husband or wife dies intestate and without issue, possessed of identical real estate or personal property which came to such relict from any deceased spouse by deed of gift, devise, bequest, descent, or by an election to take under Section 2105.06 of the Bevised Code, such estate, real and personal, except one half thereof which shall pass to and vest in the surviving spouse of such relict, shall pass to and vest in the children of the deceased spouse from whom such real estate or personal property came, or their lineal descendants, per stirpes. * * *”
It is the contention of the appellee, Clyde C. Sherick, that *153 he took the realty from his father. The appellant contends that the appellee took the realty from his stepmother and not through his stepmother and from his father.
Since neither lower court rendered an opinion, this court is not informed as to the rationale adopted in holding that the realty descended to the appellee from his father and not from his stepmother. On the conceded facts this court finds itself unable to accept that view. In his will the father devised the identical realty to his second wife (the appellee’s stepmother) “to be hers absolutely and forever.” No higher degree of title and interest could have been conveyed to her. No amount of devious reasoning can alter the fact that not a vestige of either title or interest remained in anyone else. It happens that she decided to retain the identical realty, but there was nothing to prevent her from selling it or giving it away during her lifetime. She could have remarried; she could have adopted a child; she could have designated a statutory heir. Likewise, she could have willed the realty in any manner to suit her fancy. And, finally, were it not for the present provisions of Section 2105.10, Eevised Code, supra, the appellee concededly would not have inherited any interest whatsoever in the realty. Manifestly, it descended to him from his stepmother and not from his father. Of course, under the provisions of Section 2105.01, “in intestate succession, there shall be no difference between ancestral and nonancestral property.” Since the appellee is a stranger in blood to the stepmother, the appellee’s succession should have been taxed in the fourth class as provided in Section 5731.12, Eevised Code.
Counsel are agreed that there is no reported decision of this court involving the precise question here presented under Section 2105.10, Eevised Code, supra, which is said to be virtually peculiar to this state. However, decisions of the lower courts are in harmony with the view of this court. Those decisions are summarized as follows in 17 Ohio Jurisprudence (2d), 447, Section 115.
“Property inherited by a relict from a deceased spouse, when it later becomes subject to the half-and-half statute, descends from such relict as his or her property and not through him or her as the property of the previously deceased spouse.”
*154 The judgment of the Court of Appeals must be reversed and final judgment rendered for the appellant.

Judgment reversed.

Zimmerman, Stewart, Bell, Taet, Matthias and Herbert, JJ., concur.